[No. 29229.   Department Two.   September 14, 1944.]

*In the Matter of the Appeal of* PACIFIC COAST ADJUSTMENT COMPANY, INC., *Respondent,* v. THE COMMISSIONER OF UNEMPLOYMENT COMPENSATION AND PLACEMENT, *Appellant.*[1]

*The Attorney General* and *George W. Wilkins, Assistant,* for appellant.

*T. H. McKay,* for respondent.

ROBINSON, J.—This case was first set for hearing before a department on January 10, 1944.  After that hearing, the court, on its own motion, ordered it set for reargument *En Banc* on May 4th.  On June 6th a decision was filed reversing the judgment appealed from, and the appellant, commissioner of unemployment compensation and placement, became entitled to his costs on appeal.  They were in due time taxed by the clerk of this court under subdivision (3) of Rule 23 of Rules of the Supreme Court, 18 Wn. (2d) 23-a.  This paragraph reads as follows:

"If no cost bill is served and filed, the clerk shall tax as costs the clerk's fees, the statutory attorney fee, the cost of the transcript at the rate of ten cents per folio; the cost of the statement of facts at fifteen cents per folio for the original and fifteen cents per folio for one copy; and the printing of briefs at the rate of one dollar per page for the first

[1]Reported in 151 P. (2d) 831.

twenty-four pages, eighty-five cents per page for the next twenty-four pages, and seventy-five cents per page for the remaining pages."

The fifth subdivision of the rule is as follows: "(5) Reference is made to Rule 11 (2) on disallowance of costs on briefs filed late." Rule 11 (2), thus referred to, is as follows:

"The clerk, on the Thursday of the week preceding the hearing, shall deliver to each of the judges a copy of each brief that has been filed in the cause. The respondent's brief must be on file with the clerk of the supreme court not less than ten days prior to the Thursday of the week preceding the week of the hearing. Reply brief in any cause must be filed with the clerk of the supreme court not later than Thursday of the week preceding the date on which the cause is assigned for hearing. Costs for briefs filed later than such dates will not be allowed by the clerk, unless the failure of the appellant to file his reply brief within such time has been occasioned by respondent's failure to comply with this rule."

When the clerk taxed costs, it appeared in the record in his office that appellant's reply brief was filed on January 13th, which was *after* the date of the hearing, while, under the rules, as we have seen, it should have been filed not later than Thursday before the hearing.

It further appeared that appellant's failure to file within time was not occasioned by respondent's failure to comply with the rule, for it had filed its answering brief more than ten days prior to the Thursday of the week preceding the week of the hearing. The clerk, therefore, in taxing appellant's costs pursuant to Rule 11 (2), did not allow appellant anything with respect to the cost of printing his reply brief. The cause is now here on appellant's motion to retax and allow that cost.

Rule 11 (1) reads, in part, as follows:

"The time for service and filing of briefs, as in this section prescribed, may be extended by order of the chief justice of the supreme court for good cause shown, or by stipulation of the parties concerned."

It appears that, on the day set for hearing, appellant se-

cured an order from the chief justice permitting him to file a reply brief not later than January 15th. He filed it on the 13th. It is urged by appellant that, since the time for filing his reply brief was extended, he is entitled to costs for its printing. It would seem a sufficient reply to the moving party to point out that his time for filing was not in fact extended. It could not be, for it had already expired when he applied for the order. The order gave him, as a matter of grace, the privilege of filing a brief, nevertheless. It seems to us that it would be most unjust to require his adversary to pay for the printing thereof, for, if the brief had been filed before the hearing, his adversary would have had the opportunity to answer it on oral argument. If a decision had been arrived at after the first hearing, as is the ordinary course, he would have had no opportunity to answer it at all.

However, we desire to put the matter on a broader ground. We think the rule permitting an extension of time for filing by the chief justice, or by stipulation of the parties, does not amend or qualify the rule or rules concerning the taxing of costs by the clerk or by the parties themselves. Accordingly, a literal application will be made of that portion of Rule 11 (2) which states, in its own text, the only exception which will be recognized in disallowing costs as to briefs filed too late:

"Costs for briefs filed later than such dates will not be allowed by the clerk, unless the failure of the appellant to file his reply brief within such time has been occasioned by respondent's failure to comply with this rule."

The motion to retax is denied.

SIMPSON, C. J., GRADY, BLAKE, and MALLERY, JJ., concur.